### BALDRICH et al. v. BARBOUR.
### No. 3175.

Circuit Court of Appeals, First Circuit.
Aug. 11, 1937.

For former opinion, see 90 F.(2d) 867.

Virgilio Brunet, Rafael Soltero Peralta, and Hugh R. Francis, of San Juan, P. R., for appellants.

A. Cecil Snyder, of Baltimore, Md., and D. B. Hempstead, of Salt Lake City, Utah, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

The plaintiffs' motion for reconsideration we think should be denied. This court considered in its opinion the important points raised in the plaintiffs' motion. If the court failed to mention the very few references in the evidence to records of marriages and births, it was because altogether the evidence failed to show a connected chain of title from Francisco Correa down to the plaintiffs in the case.

As to the motion of the plaintiffs in intervention for reconsideration, we think this must also be denied. If it has any merit, it must be based on the failure of the District Court to take evidence in the case from the plaintiffs in intervention, but, as pointed out in the opinion of this court, it was stipulated by all the parties that the plaintiffs should first present their evidence, then the plaintiffs in intervention, and then the defendant.

At the close of the plaintiffs' testimony, the defendant made a motion for a directed verdict. The record fails to show any request by the plaintiffs in intervention to be permitted to introduce any evidence, either oral or documentary, or disclose any protest that the District Judge should not direct a verdict without first hearing the plaintiffs in intervention.

Failing to make it known at the time that they had evidence in addition to that introduced by the plaintiffs, we think, as this court stated in its opinion, that they cannot now be heard to comply. It is futile now to base their complaint on the ground that no opportunity was offered to make known to the District Judge that they had evidence to offer additional to that presented by the original plaintiffs, or that the District Court would not have withheld its order for a directed verdict, if a protest had been made. We think it cannot be said that the plaintiffs in intervention did not have their day in court.

While it is true that an exception was taken to the order of the District Judge directing a verdict for the defendant, we think the order was justified by the lack of evidence on the part of the plaintiffs or the plaintiffs in intervention, and the plaintiffs in intervention could take nothing by their exception, if it were not waived by a later motion for a new trial. A refusal to grant a new trial is discretionary with the trial judge, and we find no abuse of discretion in this case. No complaint was made at the time of the order for a directed verdict that the plaintiffs in intervention desired to produce additional evidence as a ground for their exception to the judge's order. If such grounds had been suggested, we cannot conceive of the District Court refusing to receive such evidence.

The motions are denied.